UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATINA LUANGRATH,

        *Plaintiff*,

        v.

UNITED STATES OF AMERICA,

        *Defendant*.

CASE NO. 2:18-cv-01792-BJR

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I.     INTRODUCTION

Plaintiff Matina Luangrath brings this complaint under the Federal Tort Claims Act ("FTCA"), seeking money damages as compensation for personal injuries allegedly caused by the negligence of the United States Postal Service ("USPS") and the United States. Currently before the Court is Defendant the United States'[1] motion for summary judgment (Dkt. No. 9) asserting that Luangrath's claim is time-barred by the FTCA's two-year statute of limitations, and that this untimely claim is not entitled to equitable tolling. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant the motion and dismiss the complaint.

---

[1] Luangrath's complaint (Dkt. No. 1) listed two defendants: the USPS and the United States. The FTCA provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees. 28 U.S.C. § 1346(b). As a result, individual agencies of the United States may not be sued under the FTCA. *Allen v. Veteran's Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Thus, as a preliminary matter, the Court dismisses the USPS as a captioned defendant.

1

## II. BACKGROUND

On April 15, 2016, USPS employee Enoch Han was driving a USPS vehicle while delivering mail as part of his official duties in Snohomish County, Washington.[2] Compl., Dkt. No. 1 at ¶ 4.3. His vehicle collided with the vehicle that Matina Luangrath was driving, injuring her. *Id.* at ¶ 4.5. Luangrath alleges that this accident caused her permanent bodily injury, past and future disability and loss of enjoyment of life, past and future medical bills, past and future income loss and/or loss of earning potential, mileage expenses and other out of pocket expenses, other special and general damages, and pain and suffering. *Id.* at ¶ 5.3. Luangrath maintains that she was not negligent in the accident (*id.* at ¶ 5.5), but that the United States and USPS were, listing three causes of action against them: negligence, respondeat superior, and negligent hiring and supervision. *Id.* at ¶¶ 5.1 to 7.1.

Luangrath, through counsel, mailed a letter to USPS's Accident and Tort Claims Investigation office. Dkt. No. 9-1 at 5. The letter is dated April 13, 2018 but was received by USPS on April 16, 2018, as noted by a receipt stamp for incoming correspondence. *Id.* The letter informed USPS of Luangrath's representation by counsel "in connection with a claim for injuries against the United States Postal Service as a result of the motor vehicle collision of April 15, 2016." *Id.*

USPS Tort Claims Examiner Kyle Harbaugh responded to Luangrath in a letter dated April 23, 2018. Dkt. No. 9-1 at 7. Harbaugh wrote that Luangrath's initial notice did not constitute a valid claim "as it fails to contain all the required information." *Id.* Harbaugh then listed the requirements of a valid claim, including sufficient facts to allow the government to investigate its

---

[2] Unless otherwise indicated, the facts in this paragraph come from Luangrath's complaint (Dkt. No. 1). The Court accepts them as true for the purpose of this order.

liability and a sum certain amount for injury or loss. *Id.* Harbaugh instructed that this information could be conveyed on a Standard Form (SF) 95, but also noted that the SF 95 is not required. *Id.* Harbaugh further instructed that a valid claim must be presented within two years after the claim accrues. *Id.*

That same day, April 23, 2018, Luangrath submitted a completed SF 95 to Harbaugh's office by fax and mail. Dkt. No. 9-1 at 10. The signed form attached a Washington police report, listed Luangrath's injuries to her back and neck, and listed amounts of $20,000 for property damage and $100,000 for personal injury, for a total claim of $120,000. *Id.*

On May 11, 2018, Harbaugh sent Luangrath a letter denying her claim as untimely. Dkt. No. 9-1 at 11. "This claim was received by the Postal Service on April 23, 2018. Accordingly, we have no authority to consider this claim, as it was filed beyond the time period established by statute, therefore, this claim is denied." *Id.*

Luangrath and Harbaugh had one final exchange of letters. On May 23, 2018 Luangrath requested reconsideration of the claim denial and urged USPS to apply equitable tolling of the two-year limitation period. Dkt. No. 9-1 at 12-16. On June 14, 2018, Harbaugh, on behalf of USPS, denied the request for reconsideration. Dkt. No. 9-1 at 17.

Luangrath filed a lawsuit in this Court on December 12, 2018 challenging USPS's denial of her claim. Dkt. No. 1.

## III. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary

3

judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Johnson v. Poway Unified School Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

## IV. DISCUSSION

### A. The FTCA framework

The doctrine of sovereign immunity provides that the United States is immune from suit except to the extent that it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA waives the Government's sovereign immunity "for tort claims arising out of negligent conduct of government employees acting within the scope of their employment." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008). The Government can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meier v. Shinseki*, 626 F. App'x 706, 708 (9th Cir. 2015) (quoting 28 U.S.C. § 1346(b)(1)).

The Government's waiver of its sovereign immunity is conditioned upon the claimant meeting the FTCA's statutory requirements of 28 U.S.C. §§ 1346 and 2671, *et seq*. That statute sets out requirements for, *inter alia*, claim presentation and the statute of limitations. "Thus, we hold that section 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). The statute further provides that a tort claim "shall be forever barred" unless it is presented to the federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b).

4

**B.    Luangrath's claim is untimely**

The United States argues that summary judgment is warranted because Luangrath failed to meet two statutory requirements. The Government asserts that Luangrath's initial letter dated April 13, 2018 was not a valid claim because it did not contain a sum certain as required by § 2675(a), and because the claim that she eventually submitted on April 23, 2018 was beyond the two-year FTCA statute of limitations of § 2401(b).

Luangrath recognizes that her letter dated April 13, 2018 was missing a sum certain, but argues that the omission can be overlooked because pain and suffering are not quantifiable and are better suited for a jury to determine. The Court agrees with the United States that the letter dated April 13, 2018 was not a valid claim because it failed to state a sum certain. There is a "clear and unambiguous requirement that an FTCA claim is not validly presented unless it includes a demand for a sum certain." *Low v. Donahoe*, No. 2:14-cv-0226-TOR, 2015 WL 1471110, at *3 (E.D. Wash. Mar. 31, 2015); *see also Domingo v. Brennan*, 690 F. App'x 928, 930 (9th Cir. 2017) (affirming district court's dismissal of an FTCA claim for plaintiff's failure to state a sum certain).

Luangrath eventually corrected this deficiency when she listed a sum certain on her SF 95 that she submitted on April 23, 2018. However, the Court agrees with the Government that this submission was not timely. A claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Hensley v. United States*, 531 F.3d 1052, 1056 (2008). A claim is presented when the agency receives the claim from the claimant or an authorized representative. 28 C.F.R. § 14.2(a) and (b); *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981). In this case, the parties do not dispute that Luangrath's claim accrued on the date of the accident, April 15, 2016, and that the SF 95 containing her claim was submitted on April 23, 2018. The period between accrual on April 15, 2016 and presentation on April 23, 2018 is greater than

5

two years. Thus, the Court, construing all facts in the light most favorable to Luangrath, concludes that her claim is untimely.

**C.     Equitable tolling**

Luangrath contends that even if her claim was untimely, the Court should allow for equitable tolling of the statute of limitations. First, she asks the Court to follow cases which permitted leniency in late filings based on "excusable neglect." *See Swisher v. Collins*, 2008 WL 687305 at *15 (D. Idaho Mar. 10, 2008) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The *Bourdette* court, however, found that "good cause" means "excusable neglect" in the context of the Fed. R. Civ. P. 4 requirement that a plaintiff serve a defendant with a complaint and summons within 120 days after filing a lawsuit. That holding is inapposite to the present matter.

In order to toll an FTCA statute of limitations, a plaintiff has the burden of establishing (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015). FTCA equitable tolling generally applies only "in situations where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim." *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008). This is a high standard for plaintiffs to meet, and "excusable neglect" is not enough. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("a garden variety claim of excusable neglect" is not sufficient to invoke equitable tolling). Luangrath has failed to set forth any extraordinary circumstances that would have prevented her from filing her claim timely.

Luangrath next argues that she had good cause for her untimely filing because the government's letter dated April 23, 2018 (Dkt. No. 9-1 at 7) led her to believe that, upon

6

submission of the SF 95, she would be allowed to file her claim. The United States counters that nothing in this letter can be construed as inviting an untimely claim. The United States is correct. The April 23rd letter notified Luangrath that her initial letter did not constitute a valid claim, notified her of what a valid claim must contain, and instructed her how to file a claim should she decide to do so. The letter added, "Please note that an administrative claim must be presented in writing to the appropriate Federal Agency within two years from the time such claim accrues. 28 U.S.C. § 2401(b). Until a valid claim is received, the statute of limitations, as noted above, continues to run." *Id.* Because USPS had not yet received a timely or proper claim, the Court does not find that USPS misled Luangrath by listing these standard provisos about timely and proper claims. The Court concludes that it was not reasonable for Luangrath to believe that the USPS's April 23rd letter was an invitation to file a late claim or in any way excused her already late claim.

Lastly, Luangrath contends that grounds exist for equitable tolling because the United States "had actual notice of the events giving rise to this suit prior to April 15, 2018." In support of this argument she offers the police report describing damage to the USPS vehicle, which she asserts would have triggered mandatory USPS incident reporting requirements. Accepting as true that USPS knew of the accident, this is not the same as knowledge of a claim. Luangrath does not cite any authority, and the Court is not aware of any, in support of the proposition that a defendant's awareness of an accident affords a plaintiff permission to file a late FTCA claim.

For these reasons, the Court concludes that Luangrath has not met her high burden to invoke equitable tolling. Thus, her untimely claim is barred by the statute of limitations.

7

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS the United States' motion for summary judgment (Dkt. No. 9) and DISMISSES Luangrath's complaint (Dkt. No. 1) with prejudice.

DATED this 8th day of May, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE